# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jose O. Torres,<br><br>      Plaintiff,<br><br>v.<br><br>Sher Tremonte, LLP, Justin M. Sher, Michael Tremonte, Noam Korati Biale, Anna Maria Estevao, Tor Ekeland Law, PLLC, Tor Ekeland, Jessica Coonrod, Argentino Fiore Law Advocacy, LLC, Jodi Argentino, Celeste Fiore, Frank Morano,<br><br>      Defendants. | No. 22-cv-4662<br><br>*Civil Action* |

## BRIEF IN SUPPORT OF ARGENTINO FIORE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Marshall D. Bilder, Esq. (ID#030521989)
David P. Skand, Esq. (ID#031671997)
2000 Lenox Drive, Suite 203
P.O. Box 5404
Princeton, NJ 08543
Telephone: (609) 392-2100
Attorneys for Defendants,
Argentino Fiore Law & Advocacy, LLC,
Jodi Argentino, Esq., Celeste Fiore, Esq., and
Frank Morano, Esq.

<u>Of Counsel and On the Brief</u>:
Marshall D. Bilder, Esq.
David P. Skand, Esq.

{R0613800.1}

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 3

LEGAL ARGUMENT

      POINT I
      PLAINTIFF HAS NO STANDING TO ASSERT ANY
      CLAIMS AGAINST DEFENDANTS BECAUSE HE HAS
      SUFFERED NO HARM ...................................................................................... 8

      POINT II

      PLAINTIFF CANNOT MAINTAIN A RICO
      CLAIM AGAINST THE DEFENDANTS ........................................................ 9

CONCLUSION ............................................................................................................ 10

i

# TABLE OF AUTHORITIES

## Cases Cited

**Cases**                                                                                           **Page**

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986)...................................................................................7

Baldini v. Sussex Cty. Charter Sch. For Tech.,
    2018 U.S. Dist. LEXIS 104082 (D.N.J. June 19, 2018)........................8

Davis v. Unum Grp,
    2011 WL 2438632 (E.D. Pa. June 17, 2011), aff'd., 488 F. App'x. 654 (3d Cir.
    2012) ...................................................................................................9

Fimbel v. Fimbel Door Corp.,
    2014 U.S. Dist. LEXIS 126076 (D.N.J. Dec. 10, 2014) .......................8

Galick v. New Jersey,
    2016 U.S. Dist. LEXIS 126076 (D.N.J. Sept. 15, 2016).......................8

Lujan v. Defenders of Wildlife,
    504 U.S. 555 (1992)............................................................................9

Lujan v. Nat'l Wildlife Fed'n,
    497 U.S. 871 (1990)............................................................................7

Lum v. Bank of Am.,
    361 F.3d 217 (3rd Cir. 2004)..............................................................8

Maio v. Aetna, Inc.,
    221 F.3d 472 (3rd Cir. 2000)..............................................................8

Pignataro v. Port Auth. of N.Y. and N.J.,
    593 F.3d 265 (3d Cir. 2010)...............................................................7

Sedima, S.P.R.L. v. Imrex. Co.,
    473 U.S. 479 (1985)............................................................................7

Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,
    742 F.2d 786 (3rd Cir. 1984)..............................................................8

**Statutes**

*18 U.S.C. § 1341* ..................................................................................................7

*18 U.S.C. § 1961(1)(B)* .......................................................................................7

*18 U.S.C. § 1965(c)* ............................................................................................8

**Other Authorities**

*Fed.R.Civ.P. 56(a)* ..............................................................................................7

*Fed.R.Civ.P. 9(b)* ...............................................................................................8

## PRELIMINARY STATEMENT

We represent defendants, Argentino Fiore Law & Advocacy, LLC,  misplead as Argentino Fiore Law Advocacy (the "Argentino Fiore" firm), Jodi Argentino, Esq., Celeste Fiore, Esq., and Frank Morano, Esq. (collectively "defendants"), and we submit this brief in support of defendants' motion for summary judgment.  Defendants, attorneys, have represented sexual assault and abuse victims, and previously represented one of plaintiff's alleged victims.

Plaintiff, Jose Torres ("plaintiff"), is currently in federal prison awaiting trial on multiple counts of coercion and enticement, specifically, that he enticed sex workers to travel in interstate commerce to New Jersey where he engaged in sex acts with them, but also allegedly violently abused and raped them.  Plaintiff has filed a two-count Complaint against these attorney defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO").  He baselessly asserts that defendants engaged in a conspiracy to extort him.

Part of the criminal case against plaintiff is that, in addition to his other crimes, he had a history of failing to pay his victims, and plaintiff asserts in his Complaint that he believes defendants, along with the other attorney-defendants in this case, have "conspired" in an attempt to collect the debts allegedly owed by plaintiff to these victims (i.e., restitution), arising out of plaintiff's interactions with them.

Of course, no such conspiracy among these attorneys exists, and plaintiff provides no facts in his Complaint upon which the Court could even glean that such a conspiracy might exist. Moreover, the Complaint contains nothing more than supposition and plaintiff's apparent ire at these attorneys for assisting the victims of his malevolent scheme – victims who have been cooperating with the federal government in their prosecution of plaintiff.  Even more, defendants' representation of plaintiff's victim has now ended, and there will therefore be no recovery against

plaintiff regardless of his allegations.  Because plaintiff can never carry his burden with respect to the claims contained in his Complaint, defendants are entitled to a summary judgment.

**STATEMENT OF FACTS**

In the criminal complaint filed against plaintiff, it states, *inter alia*:

> In or around October, 2019, Torres contacted another commercial sex worker ("Victim-2") via a telephone call… Torres also told Victim-2 that it was not his first time dealing with a woman from Canada…Vicim-2 took an evening flight in or around October, 2019 from Canada, that eventually landed in Newark, New Jersey, after a layover in Washington, DC.  Upon her arrival, Torres met Victim-2 at the airport and drove her to a hotel in East Brunswick, New Jersey.  Once they got to the hotel room, Victim-2 asked for payment and Torres became aggressive.  When Victim-2 threatened to leave, Torres told her he was a police officer.  Scared of the possible consequences of getting turned in, Victim-2 remained in the room and Torres then forced her to engage in rough sexual intercourse, which including slapping her in the face, choking her, and calling her derogatory names.  [*See the criminal complaint attached to the Declaration of David P. Skand, Esq. ("Skand Declaration"), filed herewith, Exhibit "A," page 5.*]

The complaint further states that "law enforcement learned that Torres has victimized other commercial sex workers in a similar fashion."  *Id.*  By way of Second Superseding Indictment filed on October 28, 2020, the United States of America charged Plaintiff with six counts of coercion and enticement, with Count I of the indictment stating:

> Jose Torres, did knowingly persuade, induce, entice and coerce an individual, namely Victim-1, to travel in interstate commerce, from the state of New York to the District of New Jersey, to engage in prostitution and in any sexual activity for which a person can be charged with a criminal offense; and attempted to do so.  [*See second superseding indictment, Skand Cert., Exhibit "B."*]

Count II of the indictment indicates that in October of 2019, plaintiff induced "Victim-2" to travel in foreign commerce from Canada to the District of New Jersey to engage in prostitution.  *See Exhibit "A," Count II.*  In response to Plaintiff's request for bail, the Court stated:

> The government proffered substantial circumstantial evidence showing defendant had targeted and exploited a substantial number of commercial sex workers in the recent past and was engaging in the same activity at the time of his arrest on February 14, 2020….For example, from February 5 to 8, 2020, defendant contacted 96

commercial sex workers and had 778 contacts with them by text message or telephone call. [*See Skand Cert., Exhibit "D," pp. 4-5.*]

The Court determined that:

> The totality of the circumstantial evidence, the statements from the two alleged victims, and the results of the law enforcement authorities' investigation, paint an alarming picture of a person who presents a serious danger to the community and, in particular, to commercial sex workers. [*Id.*]

Plaintiff was subsequently denied bail. *Id.*

On August 1, 2022, plaintiff filed an Amended Complaint against the defendants. *See Skand Declaration, Exhibit "C."* In that Complaint, plaintiff states that all the defendants are either attorneys or law firms, who "formed a criminal enterprise in or around June of 2019" and "within and among each other conspired with the multi-billion dollar illegal prostitution industry to create a new untapped client base for their law firms by offering to collect illicit criminal debt from patrons ("johns") of the illegal prostitution trade." *Id., page 4.*

Plaintiff further alleges that "conspirators committed overt acts by advertising via the internet their collection services, thereby looking for prostitutes and sex traffickers involved in illegal prostitution… who conspirators can represent to collect their ill-gotten debt." *Id.* Plaintiff provides no evidence of these advertisements to his Complaint, nor does he identify which among the defendants allegedly engaged in such advertising. The instant defendants deny any such advertising. *See Declaration of Frank Morano, Esq., ("Morano Decl."), served herewith,* ¶¶ *1-3.* Plaintiff's single count of the Complaint directed at defendants accuses them of engaging in a RICO conspiracy with other co-defendants. *See Skand Declaration, Exhibit "C," page 29.*

As set forth in the Morano Declaration, served herewith, defendants were retained to represent "Victim-2" (also known as "Anant S.") a sex worker from Canada who had agreed to cooperate with the United States in its prosecution of plaintiff. *See Morano Declaration,* ¶¶ *2-*

*3.* As a victim of plaintiff, Victim-2 required representation and support, along with advice with respect to Anant S.'s agreement to cooperate with the U.S., which would necessitate Anant S. admitting involvement in prostitution. *Id.* Neither Morano nor the Argentino Fiore firm ever entered into any type of agreement with Anant to "collect criminal debt derived from" prostitution. *Id.* The firm collected no such money during its representation of Victim-2, or ever, and the representation has now concluded. *Id.*

The Argentino Fiore firm has provided representation to victims of sexual assault and sexual abuse (including Anant, who happened to be a sex worker), but has never solicited or advertised for the collection of any illegal debts owed to sex workers. *Id.* Part of the firm's representation in this case was interacting with federal prosecutors in order to secure Victim-2's cooperation with the government's investigation and pursuit of criminal charges against plaintiff. *Id.* While the Argentino Fiore firm had intended to provide professional support to Anant during the pendency of the criminal case against plaintiff, plaintiff has now terminated any relationship with Morano and the Argentino Fiore firm. *Id., ¶¶ 2 – 6.* Morano does not currently represent Anant - in any matter, and has no intent to provide any further legal services to Anant. *Id.* Additionally, Anant never made any payment to the Argentino Fiore firm for any legal services provided. *Id.*[1]

Defendants took no action against plaintiff, filed no claims, and their relationship with Victim-2 has been terminated. *Id.* Other than their common representation of plaintiff's victims,

---

[1]     Of course, if defendants' former client chose to pursue an action against plaintiff as a result of her contact with him, she would certainly be entitled to do so. Such an action would not be an attempt to recover an illegal debt, but rather, to recover civil damages arising out of plaintiff's tortious acts.

there are no other facts supplied by plaintiff in his Complaint which would connect the defendants with any of the other defendants in any way, let alone evidence a conspiracy.

# LEGAL ARGUMENT

## *Standard of Review*

Summary judgment is granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(a).* In this analysis, all facts are viewed in the light most favorable to the non-moving party. *Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 903 (1990) (quoting United States v. Diebold, Inc., 369 U.S. 654 (1962)).* "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." *Pignataro v. Port Auth. of N.Y. and N.J.*, *593 F.3d 265, 268 (3d Cir. 2010)* (citing *Reliance Ins. Co. v. Moessner*, *121 F.3d 895, 900 (3d Cir. 1997)).* Therefore, it follows that for purposes of summary judgment a dispute is genuine when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, *477 U.S. 242, 248 (1986).* The substantive law governing a case determines which facts are material. *Id.* As such, factual disputes that are irrelevant or unnecessary will not be counted and only those disputes of fact that "might affect the outcome of the suit under the governing law will properly preclude summary judgment." *Id.*

## *Plaintiff's RICO Claims*

To state a claim for a civil RICO violation under federal law, a plaintiff must show: "(1) conduct; (2) of an enterprise; (3) through a pattern; [and] (4) racketeering activity." *Sedima, S.P.R.L. v. Imrex. Co., 473 U.S. 479, 496 (1985).* "Racketeering activity" is defined as "any act which is indictable under" a number of federal laws, including mail and wire fraud. *18 U.S.C. § 1961(1)(B); 18 U.S.C. § 1341.* These federal criminal offenses are called "predicate acts." *Ibid.* To establish the existence of an "enterprise," a plaintiff must show, through specific facts, a

common purpose and an ascertainable structure "support[ing] the inference that the group engaged in carefully planned and highly coordinated criminal activity." *Galick v. New Jersey*, *2016 U.S. Dist. LEXIS 126076 at *1, *74 (D.N.J. Sept. 15, 2016)*.  To prove civil liability under RICO, a plaintiff must also show injury to "his business or property" in the form of actual monetary loss. *18 U.S.C. § 1965(c); Maio v. Aetna, Inc., 221 F.3d 472, 483 (3rd Cir. 2000)*.

Additionally, Federal RICO claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  *Lum v. Bank of Am., 361 F.3d 217, 223 (3rd Cir. 2004); Baldini v. Sussex Cty. Charter Sch. For Tech., 2018 U.S. Dist. LEXIS 104082 at *1, *12 (D.N.J. June 19, 2018); Galick, supra, 2016 U.S. Dist. LEXIS 126076 at *74* (stating that "RICO is subject to the heightened pleading requirements of Fed.R.Civ.P. 9(b)"); *Fimbel v. Fimbel Door Corp., 2014 U.S. Dist. LEXIS 126076 at *1, *6 (D.N.J. Dec. 10, 2014)*(stating that "[c]ourts have held that a claimant pleading a NJRICO violation must comport with Rule 9(b)'s heightened pleading requirements").  Under this rule, a plaintiff must plead with particularity "the 'circumstances' of the alleged fraud." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, *742 F.2d 786, 791 (3rd Cir. 1984)*.

## POINT I

### PLAINTIFF HAS NO STANDING TO ASSERT ANY CLAIMS AGAINST DEFENDANTS BECAUSE HE HAS SUFFERED NO HARM.

Plaintiff's case should be dismissed because plaintiff has suffered no injury.  In his complaint, plaintiff expresses only concern that defendants may attempt to collect what he characterizes as an "illegal debt," but supplies no facts to show that any of the defendants have actually done so.  As set forth in the Morano Declaration, the moving defendants took no action against plaintiff, have no intention of doing so, and no longer represent Victim-2.  Accordingly,

plaintiff lacks an "injury in fact" sufficient to establish Article III standing to assert his RICO claims. *See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)* ("[T]he plaintiff must have suffered an 'injury in fact'-- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent…'"); *see also Davis v. Unum Grp, 2011 WL 2438632 at \*3-4 (E.D. Pa. June 17, 2011), affd., 488 F. App'x. 654 (3d Cir. 2012.)*(dismissing RICO claims for lack of standing).  His Complaint must therefore be dismissed.

## <u>POINT II</u>

### PLAINTIFF CANNOT MAINTAIN A RICO CLAIM AGAINST THE DEFENDANTS.

Here, defendants, who are attorneys, did nothing more than represent a victim of plaintiff— a plaintiff that has been charged with numerous violent felonies by the United States.  Other than providing in his complaint a list of the attorneys who have provided assistance to plaintiff's victims, plaintiff has shown no facts that would support his theory of the existence of a criminal enterprise.  Plaintiff has not shown any "racketeering activity," "predicate acts," or the existence of an "enterprise." *See Davis, supra*, at \*7 (summary judgment appropriate where plaintiff "fails to present any evidence of a RICO 'enterprise.'")  Most significantly, defendants pursued no action against plaintiff, and plaintiff suffered no injury to his "business or property" as required under RICO.  Accordingly, because the only activity in which defendants engaged in was the (now concluded) representation of his victim, and because plaintiff has suffered no harm and will suffer no harm as a result of this representation, defendants are entitled to a summary judgment as a matter of law.

9

## <u>CONCLUSION</u>

For all of the foregoing reasons, therefore, defendants respectfully request that the Court grant their motion for summary judgment, and dismiss Plaintiff's Amended Complaint with prejudice.

Respectfully submitted,

By: /s/ Marshall D. Bilder
     Marshall D. Bilder
     David P. Skand
     *Attorneys for Defendants, Argentino Fiore Law &*
     *Advocacy, LLC, Jodi Argentino, Esq., Celeste Fiore,*
     *Esq., and Frank Morano, Esq.*

Dated:  October 13, 2022