**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Jose O. Torres,<br><br>    Plaintiff,<br><br>v.<br><br>Sher Tremonte, LLP, Justin M. Sher, Michael Tremonte, Noam Korati Biale, Anna Maria Estevao, Tor Ekeland Law, PLLC, Tor Ekeland, Jessica Coonrod,<br>Argentino Fiore Law Advocacy, LLC,<br>Jodi Argentino, Celeste Fiore, Frank Morano,<br><br>    Defendants. | Hon. Madeline Cox Arleo<br>Civil Action No. 2:22-cv-4662 (MCA)(CLW)<br><br>**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Pursuant to *Fed.R.Civ.P. 56*, Defendants, Argentino Fiore Law & Advocacy, LLC, Jodi Argentino, Esq., Celeste Fiore, Esq., and Frank Morano, Esq., (collectively "Defendants"), hereby submit this Statement of Undisputed Material Facts in support of Defendants' motion for summary judgment:

1.   In the criminal complaint filed against plaintiff, it states, *inter alia*:

   In or around October, 2019, Torres contacted another commercial sex worker ("Victim-2") via a telephone call… Torres also told Victim-2 that it was not his first time dealing with a woman from Canada…Vicim-2 took an evening flight in or around October, 2019 from Canada, that eventually landed in Newark, New Jersey, after a layover in Washington, DC. Upon her arrival, Torres met Victim-2 at the airport and drove her to a hotel in East Brunswick, New Jersey. Once they got to the hotel room, Victim-2 asked for payment and Torres became aggressive. When Victim-2 threatened to leave, Torres told her he was a police officer. Scared of the possible consequences of getting turned in, Victim-2 remained in the room and Torres then forced her to engage in rough sexual intercourse, which including slapping her in the face, choking her, and calling her derogatory names. [*See the criminal complaint attached to the Declaration of David P. Skand, Esq. ("Skand Declaration"), filed herewith, Exhibit "A," page 5.*]

2.  The complaint further states that "law enforcement learned that Torres has victimized other commercial sex workers in a similar fashion." *Id.*

3.  By way of Second Superseding Indictment filed on October 28, 2020, the United States of America charged Plaintiff with six counts of coercion and enticement, with Count I of the indictment stating:

> Jose Torres, did knowingly persuade, induce, entice and coerce an individual, namely Victim-1, to travel in interstate commerce, from the state of New York to the District of New Jersey, to engage in prostitution and in any sexual activity for which a person can be charged with a criminal offense; and attempted to do so.  [*See second superseding indictment, Skand Cert., Exhibit "B."*]

4.  Count II of the indictment indicates that in October of 2019, plaintiff induced "Victim-2" to travel in foreign commerce from Canada to the District of New Jersey to engage in prostitution.  *See Exhibit "A," Count II.*

5.  In response to Plaintiff's request for bail, the Court stated:

> The government proffered substantial circumstantial evidence showing defendant had targeted and exploited a substantial number of commercial sex workers in the recent past and was engaging in the same activity at the time of his arrest on February 14, 2020….For example, from February 5 to 8, 2020, defendant contacted 96 commercial sex workers and had 778 contacts with them by text message or telephone call. [*See Skand Cert., Exhibit "D," pp. 4-5.*]

6.  The Court determined that:

> The totality of the circumstantial evidence, the statements from the two alleged victims, and the results of the law enforcement authorities' investigation, paint an alarming picture of a person who presents a serious danger to the community and, in particular, to commercial sex workers.  [*Id.*]

7.  Plaintiff was subsequently denied bail.  *Id.*

8.  On August 1, 2022, plaintiff filed an Amended Complaint against the defendants.

    *See Skand Declaration, Exhibit "C."*

9.     In that Complaint, plaintiff states that all the defendants are either attorneys or law firms, who "formed a criminal enterprise in or around June of 2019" and "within and among each other conspired with the multi-billion dollar illegal prostitution industry to create a new untapped client base for their law firms by offering to collect illicit criminal debt from patrons ("johns") of the illegal prostitution trade." *Id., page 4.*

10.    Plaintiff further alleges that "conspirators committed overt acts by advertising via the internet their collection services, thereby looking for prostitutes and sex traffickers involved in illegal prostitution… who conspirators can represent to collect their ill-gotten debt." *Id.*

11.    Plaintiff provides no evidence of these advertisements to his Complaint, nor does he identify which among the defendants allegedly engaged in such advertising. The instant defendants deny any such advertising. *See Declaration of Frank Morano, Esq., ("Morano Decl."), served herewith, ¶¶ 1-3.*

12.    Plaintiff's single count of the Complaint directed at defendants accuses them of engaging in a RICO conspiracy with other co-defendants. *See Skand Declaration, Exhibit "C," page 29.*

13.    As set forth in the Morano Declaration, served herewith, defendants were retained to represent "Victim-2" (also known as "Anant S.") a sex worker from Canada who had agreed to cooperate with the United States in its prosecution of plaintiff. *See Morano Declaration, ¶¶ 2-3.*

14.    As a victim of plaintiff, Victim-2 required representation and support, along with advice with respect to Anant S.'s agreement to cooperate with the U.S., which would necessitate Anant S. admitting involvement in prostitution. *Id.* Neither Morano nor the Argentino Fiore firm ever entered into any type of agreement with Anant to "collect criminal debt derived from"

prostitution. *Id.* The firm collected no such money during its representation of Victim-2, or ever, and the representation has now concluded. *Id.*

15. The Argentino Fiore firm has provided representation to victims of sexual assault and sexual abuse (including Anant, who happened to be a sex worker), but has never solicited or advertised for the collection of any illegal debts owed to sex workers. *Id.*

16. Part of such representation in this case was interacting with federal prosecutors in order to secure Victim-2's cooperation with the government's investigation and pursuit of criminal charges against plaintiff. *Id.*

17. While the Argentino Fiore firm had intended to provide professional support to Anant during the pendency of the criminal case against plaintiff, plaintiff has now terminated any relationship with Morano and the Argentino Fiore firm. *Id., ¶¶ 2 – 6.* Morano does not currently represent Anant - in any matter, and has no intent to provide any further legal services to Anant. *Id.* Additionally, Anant never made any payment to the Argentino Fiore firm for any legal services provided. *Id.*

18. Defendants took no action against plaintiff, filed no claims, and their relationship with Victim-2 has been terminated. *Id.*

19. Other than their common representation of plaintiff's victims, there are no other facts supplied by plaintiff in his Complaint which would connect the defendants with any of the other defendants in any way, let alone evidence a conspiracy.

                Respectfully submitted,

                By: */s/ David P. Skand*
                    Marshall D. Bilder
                    David P. Skand
                    *Attorneys for Defendants, Argentino Fiore Law & Advocacy, LLC, Jodi Argentino, Esq., Celeste Fiore, Esq., and Frank Morano, Esq.*

Dated:  October 13, 2022