# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jose O. Torres, | Hon. Madeline Cox Arleo |
| Plaintiff, | Civil Action No. 2:22-cv-4662 (MCA)(CLW) |
| v. | |
| Sher Tremonte, LLP, Justin M. Sher, Michael Tremonte, Noam Korati Biale, Anna Maria Estevao, Tor Ekeland Law, PLLC, Tor Ekeland, Jessica Coonrod, Argentino Fiore Law Advocacy, LLC, Jodi Argentino, Celeste Fiore, Frank Morano, | *Civil Action* |
| Defendants. | |

## BRIEF IN SUPPORT OF DEFENDANTS SHER TREMONTE, LLP, JUSTIN M. SHER, MICHAEL TREMONTE, NOAM KORATI BIALE, AND MARIA ESTEVADO'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. PRO. 12(b)(6)

Of Counsel and On the Brief
Robert A. Berns, Esq.

On the Brief
Paulina Lengel, Esq.

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...........................................................................................ii

PRELIMINARY STATEMENT ...................................................................................... 2

STATEMENT OF FACTS ............................................................................................... 3

STANDARD OF REVIEW .............................................................................................. 7

LEGAL ARGUMENT....................................................................................................... 9

<u>POINT I</u>

CHOICE OF LAW STANDARD...................................................................................... 9

<u>POINT II</u>

PLAINTIFF DOES NOT HAVE STANDING TO BRING THE CURRENT ACTION
AGAINST SHER DEFENDANTS UNDER A THEORY OF CONSPIRACY TO
VIOLATE THE RICO STATUTE ................................................................................. 10

<u>POINT III</u>

PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A
CLAIM PURSUANT TO RULE 12(b)(6) .................................................................... 12

    A. Plaintiff's Allegation Pursuant to the Federal RICO Statute §1962(c) Must be
       Dismissed Because Plaintiff Cannot Prove that Sher Defendants Made a Profit
       From Racketeering Activity in Violation of the Statute………………………….12

    B. Plaintiffs Allegation Pursuant to 18 U.S.C. §1962(d) Must be Dismissed for
       Failure to Show a Conspiracy to Violate Any Provision of §1962…………….....14

    C. Plaintiff's Complaint Must Be Dismissed Because Plaintiff Cannot Prove any
       Allegations Under 18 U.S.C. §1956(h)…………………………………...…15

    D. Plaintiff's Complaint Must Be Dismissed Because Plaintiff Cannot Prove any
       Allegations Under 18 U.S.C. § 2422(a) or N.J.S.A 2C:34-1……………………..17

CONCLUSION.............................................................................................................. 18

i

# **TABLE OF AUTHORITIES**

## **Cases**

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)................................................................. 7

Barbey v. Unisys Corp., 256 Fed.Appx. 532, 533 (3rd Cir.2007).................................. 9

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)........................................... 7

Doe v. Princeton Univ., 30 F.4th 335, 340 (3d Cir. 2022) ........................................... 7

Gratz v. Ruggiero, 822 F. App'x 78, 82, n.3 (3d Cir. 2020) ....................................... 11

H.J. Inc. v. Nw. Bell Tel. Co.,
492 U.S. 229, 240, 109 S. Ct. 2893, 2901, 106 L. Ed. 2d 195 (1989) ......................... 13

Harper v. LG Elecs. USA, Inc., 595 F. Supp. 2d 486, 489 (D.N.J. 2009)..................... 9

Holmes v. Securities Investor Protection Corp.,
503 U.S. 258, 268, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992)................................... 10-11

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) ............ 8

In re Donald J. Trump Casino Sec. Litig., 7 F.3d 357, 368 n. 9 (3rd Cir.1993)............. 8

In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 373 (3d Cir. 2010)....................... 15

Kehr Packages, Inc., v.  Fidelcor, Inc., 926 F.2d 1406, 1411–12 (3d Cir. 1991) ......... 13

Klaxon Co. v. Stentor Electric Mfg. Co.,
313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941 ............................................. 9

Liberty Bell Bank v. Rogers, 726 F. App'x 147, 151 (3d Cir. 2018)........................... 13

Magnum v. Archdiocese of Philadelphia, 253 F. App'x 224, 229 (3d Cir. 2007) ........ 14

Maio v. Aetna, 221 F.3d 472, 483 (3d Cir. 2000)...................................................... 10

Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989)...................................................... 14

Rowe v. Hoffman–La Roche, Inc., 189 N.J. 615, 917 A.2d 767, 771 (2007) ............... 9

Sedima S.P.R.L. v. Imrex Co., Inc.,
473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985)..................................... 13

St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp.,
967 F.3d 295, 300 (3d Cir. 2020) ........................................................................ 10-11

The Knit With v. Knitting Fever, Inc., 625 Fed. Appx. 27, 36 (3d Cir. 2015) ............................ 15

Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008) ........................................ 7

United States v. Bergrin, 650 F.3d 257, 267 (3d Cir. 2011). ....................................................... 13

United States v. Est. of Elson, 421 F. Supp. 3d 1, 4 (D.N.J. 2019) ................................................ 7

United States v. Greenidge, 495 F.3d 85, 100 (3d Cir. 2007 ....................................................... 16

Weisbrot v. Schwimmer, No. 97–2711, 2007 WL 2683642, *3 (D.N.J. Sept. 7, 2007) ............... 9

Zavala v. Wal Mart Stores Inc., 691 F.3d 527, 539 (3d Cir. 2012) ............................................ 15

## Statutes

18 U.S.C. § 1956, *et seq.* ..................................................................................................... 5,15-16

18 U.S.C. § 1961(1),(5) ................................................................................................................ 13

18 U.S.C. § 1962, *et seq.* ...................................................................................................... 10,12-15

18 U.S.C. § 1964, *et seq.* ........................................................................................................ 10,14

18 U.S.C. § 1343 .......................................................................................................................... 13

18 U.S.C. § 1512 .......................................................................................................................... 13

18 U.S.C. § 1952 .......................................................................................................................... 13

18 U.S.C. § 2422 ................................................................................................................... 3-4,13,17

N.J.S.A. 2C:34-1 .......................................................................................................................... 17

## Court Rules

Fed. R. Civ. Pro. 12(b)(6) ....................................................................................................... 7-8,12,15

Fed. R. Civ. P. 8(a)(2) .................................................................................................................... 1

## PRELIMINARY STATEMENT

This matter arises out of Plaintiff, Jose O. Torres' ("Plaintiff" or "Torres") claim that on or around July 2019, Defendants Sher Tremonte, LLP ("Sher Tremonte"), Justin M. Sher, Esq. ("Sher"), Michael Tremonte, Esq. ("Tremonte"), Noam Korati Biale, Esq. ("Noam"), and Anna Maria Estevao, Esq. ("Anna") (collectively shall be referred to as "Sher Tremonte Defendants" or "Defendants") conspired to form a criminal enterprise to "penetrate the untapped prostitution market" by offering to collect illicit criminal debt from patrons of the trade.[1]  As discussed herein, Plaintiff's Complaint must be dismissed against Sher Tremonte Defendants in its entirety, with prejudice, pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff's allegations contained in the Complaint fail to establish any cognizable claims for relief against Sher Tremonte Defendants.  Specifically, Plaintiff has failed to plead sufficient factual allegations to state a valid claim for violations of conspiracy to Racketeering Influenced Conduct Organizations Act ("RICO"), money laundering, and aiding and abetting the promotion of prostitution, as Plaintiff simply sets forth elements of statutory violations with inadequate representation of the elements of Plaintiff's causes of action. The Complaint, therefore, lacks necessary facts, and the allegations set forth are insufficient to sustain a cause of action against the Sher Tremonte Defendants.

Further, Plaintiff's allegations fail to state a claim upon which relief may be granted as Plaintiff has no standing to bring an action against Sher Tremonte Defendants. Plaintiff has provided the Court with a series of outlandish allegations, all of which fail to state an injury that a favorable court decision can redress. Plaintiff's claims relate to Sher Tremonte Defendants'

---

[1] See Complaint, attached herein to the Certification of Robert A. Berns, Esq. ("Berns Cert") as **Exhibit A**.

services as third-party attorneys working as representatives for victims in association with the underlying criminal indictment against Plaintiff. However, Sher Tremonte Defendants had no association with Plaintiff in his legal endeavors. Defendants, therefore, owed no duty to Plaintiff, nor was there any injury adequately alleged against defendants.

For the foregoing reasons, this Court should grant Sher Defendant's motion to dismiss Plaintiff's Complaint, with prejudice, for failure to state a claim upon which relief may be granted.

## **STATEMENT OF FACTS**

This action arises out of a criminal complaint filed against Plaintiff in the Federal District of New Jersey under docket number 20-cr-418-BRM ("Criminal Complaint"). On February 13, 2020, Plaintiff Jose Torres was arrested in violation of 18 U.S.C. §2422 for coercion and enticement to engage in prostitution or sexual activity. (*See* Criminal Complaint, attached herein to the Berns Cert as **Exhibit B**). Torres is currently incarcerated in Federal Prison awaiting trial for six counts of coercion and enticement to engage in prostitution or in any sexual activity in interstate commerce. (See Criminal Indictment, attached herein to the Berns Cert as **Exhibit C**). Plaintiff has been accused of luring commercial sex workers into the state of New Jersey to engage in prostitution under the promise of large sums of money, in violation of 18 U.S.C. §2422. (*See* **Exhibit B** Attachment B ¶ 3).

On October 28, 2020, the United States of America filed a second superseding indictment, amending their original charges to six counts of coercion and enticement for the promotion of prostitution via interstate commerce. (See Second Superseding Indictment, attached herein as **Exhibit D**). Count One of the Indictment alleged that:

2

> Jose Torres, did knowingly persuade, induce, entice and coerce and individual, namely Victim-1, to travel in interstate commerce, from the State of New York to the District of New Jersey, to engage in Prostitution and in any sexual activity for which a person can be charged with a criminal offense; and attempted to do so, in violation of Title 18, United States Code, Section 2422(a).

(See **Exhibit D** Count One).

Moreover, Plaintiff has been denied bail. By order dated May 14, 2020, Plaintiff requested the Court release him on bail while he awaits trial; however, the Court denied this motion, finding that he is a flight risk and that Plaintiff is a "serious danger to the community, and in particular to commercial sex workers." (See May 14, 2020, Order, attached herein to the Berns Cert as "**Exhibit E**" pp. 5).

Torres has been imprisoned not only for his engagement in the promotion of prostitution but for his violent and manipulative behavior associated with his conduct. The criminal Complaint provides that Plaintiff not only engaged in the promotion of prostitution but also in abusive and violent conduct, sometimes resulting in rape. The below excerpt depicts the violent tendencies of Plaintiff.

> Upon her arrival, Torres met Victim-2 at the airport and drove her to a hotel in East Brunswick, New Jersey. Once they got to the hotel room, Victim-2 asked for payment and Torres became aggressive. When Victim-2 threatened to leave, Torres told her he was a police officer. Scared of the possible consequences of getting turned in, Victim-2 remained in the room and Torres then forced her to engage in rough sexual intercourse, which included slapping her in the face, choking her, and calling her derogatory names.

(See **Exhibit B** ¶ 3).

In response to repeated violent occurrences, several commercial sex workers came together to press charges in the District of New Jersey after Plaintiff's heinous actions were made known on the internet and via sex working channels. (See **Exhibit A** pp. 4; *see also* Blog Post of

Maggie McNeill, attached herein to the Berns Cert as **Exhibit F**). Plaintiff further alleges that Sher Tremonte Defendants "posted a national internet advertisement searching for more prostitutes and sex traffickers who alleged were owed money by Joes Torres." (**Exhibit A** at pp. 6). This allegations fails.  Sher Tremonte Defendants did not engage in the promotion of their law firm on websites. However, blog posts made independent of the Sher Tremonte Defendants suggested that sex workers who had been abused by Plaintiff should consider contacting the Sher Tremonte Defendants about their pro bono services. (See **Exhibit F**). As such, Sher Tremonte Defendants did not solicit clients or promote their legal services.  Rather, contact information for the Sher Tremonte Defendants was circulated in the commercial sex worker community to the extent any impacted person sought information about Plaintiff or the investigation then undertaken by the United States Attorney's Office, specifically Emma Spiro. (*See* **Exhibit A** pp. 12). The blog reference to the Sher Tremonte Defendants was not an advertisement but information disseminated by a third-party seeking to assist persons aggrieved by Plaintiff's unlawful actions about available legal assistance.

Plaintiff now brings this civil action against the victims' attorneys under a theory of conspiracy to form an enterprise to "collect criminal debt" derived from the prostitution and sex trafficking industry. (Id. at pp. 7). Plaintiff alleges violations of Conspiracy to Money Launder in violation of 18 U.S.C. §1956(h). This too is a baseless accusation. Sher Tremonte Defendants represented four victims who provided information to the US Attorney relating to Plaintiff's sex trafficking scheme: Lindsay B., Katherine L., Chelsea L., and Anna T. (collectively the "Victims"). The Victims are commercial sex workers who had been sexually and physically abused by Plaintiff and came forward to press charges against him. (Id.). Additionally, it is

4

significant to note that Sher Tremonte Defendants represented Victims on a pro bono basis. (*See* **Exhibit F**).[2]

Plaintiff next asserts that Sher Tremonte Defendants and several Federal officers, including Emma Spiro, Michael Scimeca, and Ronald Conyers, manufactured false narratives of violence by Torres in order to create public outrage. (**Exhibit A** pp. 7). He has alleged that Sher Tremonte Defendants went out of their way to paint Torres in a negative light, in order to have him convicted. (Id.). However, Plaintiff was known in the commercial sex worker community as a violent individual. (See Complaint pp. 4; *see also* **Exhibit F**). In her blog, Ms. McNeill depicts Torres as a "serial predator," "dangerous and abusive," and makes other allegations against Torres. These allegations are dated July 2019, before Plaintiff's arrest, and were not made by, disseminated by or authored by Sher Tremonte Defendants. (See **Exhibit F**). The accusations against Torres came from his victims, not from "false narratives" created by the federal government and not from Sher Tremonte. (*Id.*).

Lastly, Plaintiff alleges that Sher Tremonte Defendants aided and abetted in the promotion of prostitution under the federal and New Jersey codes by seeking to gain from the Victims' debts monetarily. (See **Exhibit A** pp. 7). This allegation is not true as the Sher Tremonte Defendants' representation of the Victims relating to the Criminal Case was pro bono. Sher Tremonte has not and did not gain monetarily from their representation of Victims, nor was there any attempt on behalf of the Defendants to encourage Victims to engage in prostitution.

---

[2] If you have been victimized by this sleaze or have information and would like to talk (**pro bono**) to the lawyers, please contact Noam..." (emphasis added).

5

**STANDARD OF REVIEW**

Under Fed. R. Civ. P. 8(a)(2), a plaintiff must provide the court with a valid cause of action and a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). A cause of action does not suffice under "naked assertion[s]" devoid of "further factual enhancement." Id. *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007).

Pursuant to the Fed. R. Civ. Pro. 12(b)(6), a district court may grant a motion to dismiss if the Complaint fails to state a claim upon which relief may be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Doe v. Princeton Univ., 30 F.4th 335, 340 (3d Cir. 2022) (Citing, Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008)).

However, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Twombly, 550 U.S. at 555. Where there is no cause of action, the Court "[is] not bound to accept as true a legal conclusion couched as a factual allegation" Id. "The complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level." United States v. Est. of Elson, 421 F. Supp. 3d 1, 4 (D.N.J. 2019) (citing Twombly, 550 U.S. 570).

Plaintiff has not met any of the pleading standards for the violations alleged in his Complaint. The Complaint presents bald legal and factual conclusions which do not articulate

viable causes of action against Sher Tremonte Defendants. Plaintiff has failed to plead any allegations above a mere speculative level and his allegations do not survive a motion to dismiss. Consequently, the Court should dismiss the Complaint with prejudice for failure to state a claim upon which relief may be granted.

Although a district court generally must confine its review to the pleadings on a Rule 12(b)(6) motion, the court may consider documents integral to, or rely upon in the complaint beyond the pleadings without converting a motion to dismiss to a motion for summary judgment. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). Moreover, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." In re Donald J. Trump Casino Sec. Litig., 7 F.3d 357, 368 n. 9 (3rd Cir.1993). Where a plaintiff has notice of these documents or has relied upon them in framing their complaint, the district court will allow these integral documents to be used within the motion to dismiss. In re Burlington, 114 F.2d at 1426.

In this motion, Sher Tremonte Defendants included documents integral to Plaintiff's Complaint and which Plaintiff references in its factual averments. As such, it is appropriate for these d1ocuments to be considered by the Court consistent with the standard of review under Rule 12(b)(6) without converting the within motion into a Rule 56 summary judgment motion.

## **LEGAL ARGUMENT**

## **POINT I**

## **CHOICE OF LAW STANDARD**

"The first step in the analysis is to determine whether a conflict exists between the laws of the interested states. Any such conflict is to be determined on an issue-by-issue basis." If there is no actual conflict, then the choice-of-law question is inconsequential, and the forum state applies its own law to resolve the disputed issue." Harper v. LG Elecs. USA, Inc., 595 F. Supp. 2d 486, 489 (D.N.J. 2009) (Citing Rowe v. Hoffman–La Roche, Inc., 189 N.J. 615, 917 A.2d 767, 771 (2007)). In tort cases, "four factors must be taken into account: 1) the place where the injury occurred; 2) the place where the conduct causing the injury occurred; 3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; and 4) the place where the relationship, if any, between the parties is centered." Harper, 595 F. Supp. At 490. (Weisbrot v. Schwimmer, No. 97–2711, 2007 WL 2683642, *3 (D.N.J. Sept. 7, 2007)).

Plaintiff has initiated this action in the District of New Jersey; however, Sher Tremonte Defendants are New York attorneys. In their capacity, Sher Tremonte Defendants accompanied their clients to Newark, New Jersey and provided support to their clients while they testified against Plaintiff. All other aspects of their representation were conducted in New York, but Sher Tremonte Defendants acknowledge that their voluntary trips to New Jersey are enough to constitute purposeful availment in the forum state. Therefore, New Jersey is the "forum state" for the instant litigation, and the Court "must apply the law of the forum state, including its choice of law rules." Barbey v. Unisys Corp., 256 Fed. Appx. 532, 533 (3rd Cir.2007) (citing Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)).

## POINT II

### PLAINTIFF DOES NOT HAVE STANDING TO BRING THE CURRENT ACTION AGAINST SHER TREMONTE DEFENDANTS UNDER A THEORY OF CONSPIRACY TO VIOLATE THE RICO STATUTE

The Complaint should be dismissed because Plaintiff cannot show actual or concrete injury caused by Sher Tremonte Defendants and the allegations fail to meet an "injury-in-fact" requirement of the RICO statute. Plaintiff cannot show a concrete injury because Sher Tremonte Defendants represented and counseled the Victims as witnesses in the prosecution of Plaintiff's criminal conduct and Plaintiff's Complaint should be dismissed as Plaintiff lacks standing to assert RICO violations.

To pursue an action under RICO, a Plaintiff must establish standing and prove that the offense was not only for the cause of their injury but was also the proximate cause of their injury. St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 300 (3d Cir. 2020) (RICO standing is "distinct from Article III standing"). Plaintiff cannot show either.

In order to establish standing under 18 U.S.C. § 1964(c), a plaintiff must show that (1) he "suffered an injury to business or property"; and (2) the "injury was proximately caused by the defendant's violation of 18 U.S.C. § 1962." Maio v. Aetna, 221 F.3d 472, 483 (3d Cir. 2000) (citations omitted). "[T]he injury to business or property element of section 1964(c) can be satisfied by allegations and proof of actual monetary loss, i.e., an out-of-pocket loss." Id. (citations omitted). Such proof must be "concrete." Id. In order to meet the proximate cause requirement, a plaintiff must show "some direct relation between the injury asserted and the injurious conduct alleged." Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 268, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992).

Moreover, the issue of standing in a RICO case is determined by whether a <u>direct</u> relationship exists between the injury asserted and the injurious conduct alleged. <u>See</u> <u>Holmes</u>, 503 U.S. at 268-269 ("a plaintiff who complains of harm flowing merely from the misfortunes visited upon a third person by the defendant's acts, generally stands at too remote a distance to recover") <u>see also</u> <u>Gratz v. Ruggiero</u>, 822 F. App'x 78, 82, n.3 (3d Cir. 2020) (Thus, a plaintiff lacks RICO standing where their injury is "derivative" of the injury suffered by a more immediate victim of the defendants' racketeering acts). <u>see also</u> <u>Lancaster Gen. Hosp.</u>, 967 F.3d at 301 ("To demonstrate some direct relation between the injury asserted and the injurious conduct alleged, the [injury] alleged must not be purely contingent on another.").

Here, there is absolutely no causal link between Plaintiffs supposed injuries of loss of reputation, and damages for lost wages, which relate to Sher Tremonte Defendants' representation of the Victims in the course of Plaintiff's federal criminal trial. Plaintiff's independent actions in soliciting and luring the Victims to travel to his home and other locations to engage in sexual acts was the sole and independent cause for the Criminal Action against Plaintiff and his eventual incarceration. The Sher Tremonte Defendants' role as counsel to Victims has no relationship to the harm Plaintiff alleges. Therefore, Plaintiff has not established standing to bring this case against Defendants, let alone to allege a RICO violation.

Plaintiff does not fall under the "class of persons" eligible who may sue under the RICO statute, as it is clear that any injury caused to Plaintiff, if any, is directly related to his own actions. Plaintiff seeks to evade responsibility for his criminal acts by presenting blunderbuss allegations against others, including the Victims of his criminal conduct. Therefore, the Court should find the requirements for standing to bring an action under RICO lacking and find

Plaintiff has not met the requirements for standing under §1962(c) to bring an action under RICO.

## POINT III

### PLAINTIFFS COMPLAINT MUST BE DISMISSED FOR A FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6)

Plaintiff has accused Sher Tremonte Defendants of a number of RICO violations, in an attempt to muddle the record of what transpired in relation to the criminal charges against him by alleging the Sher Tremonte Defendants, among other things, committed Money Laundering violations and promoted prostitution. What is clear from the Complaint is that Plaintiff cannot assert prima facie claims against Sher Tremonte Defendants for any of the allegations set forth therein. The allegations are unsubstantiated conclusions without sufficient factual allegations to support claims of conspiracy or otherwise against the Sher Tremonte Defendants, and the allegations fail to allege behavior that violated the referenced statutes. Accordingly, Plaintiff's claim must be dismissed in accordance with the following.

**A. Plaintiff's Allegation Pursuant to the Federal RICO Statute §1962(c) Must be Dismissed Because Plaintiff Cannot Prove that Sher Tremonte Defendants Made a Profit from Racketeering Activity in Violation of the Statute**

Plaintiff attempts to allege a claim under the Federal RICO Statute §1962(c), which makes it unlawful for an enterprise to profit from engaging in racketing activity. Even if Plaintiff survives the claim pursuant to standing, Plaintiff cannot survive a prima facie case under § 1962(c) because he has failed to adequately plead the elements required under RICO. Specifically, Plaintiff alleges that Sher Tremonte Defendants sought out criminal clients (i.e. commercial sex workers), to assist in the collection of criminal debt derived from prostitution, in

violation of U.S.C. §2422(a), Coercion and enticement to engage in prostitution. These allegations cannot overcome the long-held requirements for a motion to dismiss to meet a claim upon which relief may be granted.

To recover under the RICO statute, a plaintiff must prove "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Liberty Bell Bank v. Rogers, 726 F. App'x 147, 151 (3d Cir. 2018) (Citing, Sedima S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985)). A "pattern of racketeering activity" requires commission **of at least two predicate offenses** on a specified list. Kehr Packages, Inc., v. Fidelcor, Inc., 926 F.2d 1406, 1411–12 (3d Cir. 1991) (emphasis added), *see also* 18 U.S.C.A. §§ 1961(1), (5) (1984 & Supp.1990). "To establish a RICO pattern it must also be shown that the predicates themselves amount to, or that they otherwise constitute a threat of, *continuing* racketeering activity." H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 240, 109 S. Ct. 2893, 2901, 106 L. Ed. 2d 195 (1989).

18 U.S.C. § 1962(c) makes it unlawful to prohibit any person employed by or associated with an enterprise affecting interstate commerce from "conduct[ing] or participat[ing] ... in the conduct of such enterprise's affairs through a pattern of racketeering activity." A "person" violates section 1962(c) by conducting an "enterprise" through a pattern of racketeering activity. Sedima, 473 U.S. at 496. "'Racketeering activity' is defined by 18 U.S.C. § 1961(1) to include dozens of crimes, including 'any act or threat involving murder, ... bribery, ... or dealing in a controlled substance,' as well as 'any act which is indictable under ... [18 U.S.C. § ] 1343 (relating to wire fraud), ... [18 U.S.C. § ] 1512 (relating to tampering with a witness, victim, or an informant), ... [and 18 U.S.C. § ] 1952 (relating to racketeering)." United States v. Bergrin, 650 F.3d 257, 267 (3d Cir. 2011). Moreover, A plaintiff alleging a civil RICO violation

under *either* § 1962(c) or (d) must plead a cognizable injury to "business or property" under § 1964(c). *See* § 1964(c). Magnum v. Archdiocese of Philadelphia, 253 F. App'x 224, 229 (3d Cir. 2007).

Plaintiff has clearly failed to demonstrate that the Sher Tremonte Defendants violated the US RICO statute. Plaintiff has failed to allege in that Sher Tremonte Defendants violated a single count of "racketeering activity," let alone two. There is no conspiracy between the Sher Tremonte Defendants to seek out potential "prostitute" clients and "penetrate the untapped prostitution market." Representing the Victims as witnesses in the Criminal Case against Plaintiff does not meet the minimum standard of a conspiracy or racketeering activity. Moreover, plaintiff cannot show that the Sher Tremonte Defendants caused injury to Plaintiff's business or property. Plaintiff was arrested as a result of his own criminal actions, not from the conduct of Sher Tremonte Defendants. Plaintiff's laundry list of damages is self-inflicted and not the result of the Sher Tremonte Defendants' role as counsel to the Victims. Plaintiff cannot show that Sher Tremonte Defendants **caused** him injury. Also, representing the Victims of Plaintiff's criminal actions does not meet the standard for injury to business under the RICO statute.

**B. Plaintiffs Allegation Pursuant to 18 U.S.C. §1962(d) Must be Dismissed for Failure to Show a Conspiracy to Violate Any Provision of §1962.**

Plaintiff next pleads allegations under § 1962(d), or conspiracy to violate any provision under §1962. § 1962(d) makes it unlawful for any person to conspire to violate subsections (a), (b), or (c) of RICO. This requires the plaintiff to make a two-part showing: (1) that the defendant agreed to facilitate the operation of an enterprise through a pattern of racketeering activity; and (2) that the defendant agreed that someone (not necessarily the defendant) would commit at least **two predicate acts**. Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989) (emphasis added).

"RICO conspiracy is not a mere conspiracy to commit the underlying predicate acts. It is a conspiracy to violate RICO—that is, to conduct or participate in the activities of a corrupt enterprise." <u>Zavala v. Wal Mart Stores Inc</u>., 691 F.3d 527, 539 (3d Cir. 2012) (emphasis in original). Therefore, bare allegations of conspiracy described in general terms may be dismissed. <u>The Knit With v. Knitting Fever, Inc</u>., 625 Fed. Appx. 27, 36 (3d Cir. 2015) (citation omitted). Moreover, a "§ 1962(d) claim must be dismissed if the complaint does not adequately allege an endeavor which, if completed, would satisfy <u>all</u> of the elements of a substantive [RICO] offense." <u>In re Ins. Brokerage Antitrust Litig.</u>, 618 F.3d 300, 373 (3d Cir. 2010).

Plaintiff cannot plead a logical cause of action under the 1962(c) RICO statute. As stated, representing a client as a witness in response to a criminal case against a target defendant does not equate to a predicate act under RICO. Therefore, Plaintiff cannot prove a cause of action under §1962(d).

Torres presents nothing more than bald accusations of a conspiracy, described only in general terms, based on conclusory information presented in Plaintiff's Complaint. No specific alleged endeavor could prove Sher Tremonte Defendants engaged in a conspiracy to violate any element of the RICO Statute, let alone <u>all</u>. Because Plaintiff cannot state a claim under 1962(c) it is legally insufficient for him to survive under §1962(d). A conspiracy among Sher Tremonte Defendants is fictional, and Plaintiff's conclusory allegations lack merit. Therefore, this Court should also dismiss Plaintiff's allegations under §1962(d) for failure to state a claim upon which relief may be granted.

### C. Plaintiff's Allegations Pursuant to 18 U.S.C. §1956(h) Must Be Dismissed For Failure to Prove a Cause of Action for Money Laundering

Next, Plaintiff attempts to argue that Sher Tremonte Defendants violated the Money Laundering Act, under 18 U.S.C. 1956(h), for conspiring to gain profits while representing

prostitutes. He asserts that Sher Tremonte Defendants sought to penetrate the prostitution market to yield high returns from restitution and new clients. Plaintiff also contends that Sher Tremonte Defendants sought to gain notoriety in the prostitution market to become the "go to" attorneys for prostitutes and further the Sher Tremonte Defendants' professional, financial, and reputation benefits.

The statute for conspiracy to money launder provides, "[a]ny person who conspires to commit any offense defined in ... section [1956] ... shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy." 18 U.S.C. § 1956(h). The elements for conspiracy to launder money are "(1) that an agreement [to violate 18 U.S.C. § 1956(a)] was formed between two or more persons; and (2) that the [Plaintiff] knowingly became a member of the conspiracy." United States v. Greenidge, 495 F.3d 85, 100 (3d Cir. 2007).

The aforementioned counts cannot withstand a motion to dismiss, and Plaintiff fails to provide the Court with evidence to establish the requisite elements. There was no agreement between the Sher Tremonte Defendants to violate section 1956(a), and there is no evidence of such an agreement or a conspiracy to money launder. Moreover, Plaintiff cannot establish that Sher Tremonte Defendants made a profit in their representation of the Victims. Pro bono representation is not a profit oriented enterprise and, even if a fee had been charged, standing alone, the allegation still fails.

As  result, the Complaint is devoid of any factual information showing that the Sher Tremonte Defendants even remotely profited off the Victims representation. No monetary gain was even accomplished in the so-called "scheme" Plaintiff alleges. Therefore, Plaintiff's entire claim under the theory of money laundering is specious and simply fails.

**D. Plaintiff's Complaint Must Be Dismissed Because Plaintiff Cannot Prove any Allegations Under 18 U.S.C. § 2422(a) or N.J.S.A 2C:34-1**

Finally, Plaintiff asserts claims of aiding and abetting coercion and enticement in violation of 18 U.S.C. §2422(a) and in violation of N.J.S.A. 2C:34-1. Plaintiff alleges that Sher Tremonte Defendants aided and abetted in persuading and enticing the victims to engage in prostitution or any sexual activity for which a person can be charged. §2422(a). Plaintiff similarly asserts that under the two theories of promotion of prostitution, Sher Tremonte Defendants conspired to assist in the collection of a debt of criminal activity in the promotion of prostitution. Under New Jersey law, it is also unlawful to promote prostitution. R. 2C:34-1. Promoting prostitution is, controlling or managing a prostitution business, encouraging another to become a prostitute, soliciting a prostitute, transporting a person to promote engaging in prostitution, or knowingly permitting a place to be regularly used for prostitution. R. 2C: 34-1(4).

As pleaded, Plaintiff's claims fail. Chronologically, the Sher Tremonte Defendants involvement with the Victims occurred after Plaintiff enticed and lured them to his home to engage in criminal conduct. The Sher Tremonte Defendants were not engaged to represent the Victims prior to the Criminal Case against Plaintiff Thus, Plaintiff fails to allege any facts that Defendants engaged in any method to aid and abet in the promotion of prostitution or the coercion and enticement of illegal sexual activity. Representing sex workers after the alleged act of having engaged with Plaintiff or others in sex activities does not constitute aiding and abetting or promoting prostitution.

Sher Tremonte Defendants have never encouraged nor promoted the Victims' conduct. The Sher Tremonte Defendants actions were and have been limited to providing legal advice to its clients, nothing more. Moreover, as third-party actors in this case, Sher Tremonte Defendants have no relation to the Victims' sexual encounters or their endeavors, and Defendants have never

encouraged or promoted the Victims' conduct. As a result, the Court should grant the Sher Tremonte Defendants' motion to dismiss for failure to state a claim.

## CONCLUSION

No Amendment to Plaintiff's pleading will change the fact that Plaintiff does not have a cause of action against the Sher Tremonte Defendants. The Complaint relies solely on conclusory facts and bald assertions which fail to state viable claims. The allegations in the Complaint are nothing more than Plaintiff's conjuring causes of action without legal bases or factual support. Moreover, Plaintiff lacks standing to bring this suit against third-party attorneys as no direct injury can be deduced. Finally, the Complaint fails to sufficiently plead and Plaintiff cannot prove any claim of conspiracy in violation of RICO, promoting prostitution, or engaging in money laundering. All of the allegations of the Complaint arise from Plaintiff's motive to seek revenge from all parties who assisted the US Attorney in prosecuting him for violating prostitution laws. The Complaint is nothing more than conclusory assertions which fail to substantiate the claims with legally sufficient allegations yet alone evidence proving their claims.

As a result, for the foregoing reasons, the Sher Tremonte Defendants submit that the Court should dismiss Plaintiff's claim against the Sher Tremonte Defendants pursuant to Fed. R. Civ. P. 12(b)(6), with prejudice.

Respectfully submitted,

**KAUFMAN DOLOWICH & VOLUCK, LLP**
Attorney for Defendants, *Sher Tremonte, LLP Justin M. Sher, Michael Tremonte, Noam Korati Biale and Anna Maria Estevao*

By:    */s/Robert A. Berns*
            ROBERT A. BERNS

DATED: November 10, 2022

4865-7009-0302, v. 3