## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jose O. Torres, | Hon. Madeline Cox Arleo |
|      Plaintiff, | Civil Action No. 2:22-cv-4662 (MCA)(CLW) |
|  v. | |
| Sher Tremonte, LLP, Justin M. Sher, Michael Tremonte, Noam Korati Biale, Anna Maria Estevao, Tor Ekeland Law, PLLC, Tor Ekeland, Jessica Coonrod, Argentino Fiore Law Advocacy, LLC, Jodi Argentino, Celeste Fiore, Frank Morano, | *Civil Action* |
|      Defendants. | |

## BRIEF IN OPPOSITION TO PLAINTIFF JOSE O. TORRES'S MOTION FOR INJUNCTIVE RELIEF

Of Counsel and On the Brief
Robert A. Berns, Esq.

On the Brief
Paulina Lengel, Esq.

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES…………………………………………………………… ii

PRELIMINARY STATEMENT…………...……………………………………….…..1

STATEMENT OF FACTS……………………………………………………………..1

LEGAL ARGUMENT …………………….....………………………………….....…..2

PLAINTIFF CANNOT ESTABLISH THE REQUIREMENTS TO SATISFY
INJUNTIVE RELIEF…………………………………………………………………..2

PLAINTIFF CANNOT ESTABLISH A LIKELIHOOD OF SUCCESS ON
THE MERITS …………………………………………………………………….…3

PLAINTIFF CANNOT ESTABLISH IRREPARABLE HARM…………………….....… 4

CONCLUSION…………………………………………………………………………6

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

<u>Abbott Labs. v. Andrx Pharmaceuticals, Inc.</u>,
452 F.3d 1331, 1335 (Fed.Cir.2006)……………………………………………………………… 3,4

<u>Altana Pharma AG v. Teva Pharm. USA, Inc.,</u>
532 F. Supp. 2d 666, 673 (D.N.J. 2007)……………………………………………………………..3

<u>Amazon.com, Inc. v. Barnesandnoble.com, Inc.,</u> 239 F.3d 1343, 1350 (Fed.Cir.2001)……..…..3

<u>American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.,</u>
42 F.3d 1421, 1427 (3d Cir. 1994)………………………………………………..…………………… 3

<u>ECRI v. McGraw-Hill, Inc.</u>,809 F.2d 223, 226 (3d Cir. 1987)………………………………………3

<u>Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.,</u>
506 U.S. 308 (1999) ……………………………………………………………………………………5

<u>Hohe v. Casey</u>, 868 F.2d 69, 72 (3d Cir. 1989)..……………………………………….…………3

<u>In Re Arthur Treacher's Franchisee Litigation</u>, 689 F.2d 1137, 1143 (3d Cir.1982)………..…….3

<u>Instant Air Freight Co. v. C.F. Air Freight, Inc</u>., 882 F.2d 797, 801 (3d Cir. 1989)……..………3

<u>Juul Labs, Inc. v. 4X PODS</u>., 439 F. Supp. 3d 341, 358 (D.N.J. 2020)…………………………..3

<u>Kos Pharm., Inc. v. Andrx Corp</u>., 369 F.3d 700, 708 (3d Cir. 2004) …………………………..2,3

<u>Lane v. New Jersey</u>, 725 F. App'x 185, 187 (3d Cir. 2018) …………………………...………………5

## PRELIMINARY STATEMENT

Sher Tremonte, LLP ("Sher Tremonte"), Justin M. Sher, Esq. ("Sher"), Michael Tremonte, Esq. ("Tremonte"), Noam Korati Biale, Esq. ("Noam"), and Anna Maria Estevao, Esq. ("Anna") (collectively shall be referred to as "Sher Tremonte Defendants" or "Defendants") respectfully submit this brief in opposition to Plaintiff's Motion for Injunctive Relief seeking to freeze Sher Tremonte Defendants' assets, or in the alternative not to conceal or dissipate Sher Tremonte Defendants' assets filed by Plaintiff Joes O. Torres' ("Plaintiff" or "Torres"). Plaintiff has filed this motion seeking injunctive relief for Sher Tremonte Defendants to freeze their businesses and assets in the amount of $52,561,500. For several reasons, discussed below, Plaintiff has failed to set forth sufficient facts or law to establish a right to preliminary injunctive relief.

## STATEMENT OF FACTS

Plaintiff has filed this motion while in prison awaiting a criminal trial for several counts of coercion and enticement to engage in the promotion of prostitution. Sher Tremonte Defendants have already filed a motion to dismiss Plaintiff's Amended Complaint and rely upon their argument that Plaintiff has not sustained any cause of action under the federal Racketeering Influenced Conduct Organizations Act ("RICO") 18 U.S.C. §1962(c), Money Laundering 18 U.S.C. §1956(h), and coercion and enticement in violation of 18 U.S.C. §2422(a). (*See* Sher Tremonte Defendants Motion to Dismiss ECF 29). Plaintiff has been accused of promising sex workers large sums of money to enter New Jersey and engage in prostitution via interstate commerce. Plaintiff has thus brought this current action against Sher Tremonte Defendants accusing them of manufacturing false narratives of Plaintiff and working with the sex workers and federal government to plot his arrest. Plaintiff now demands the Court grant him injunctive

relief by applying a freeze on Sher Tremonte Defendants' accounts and assets so he may be guaranteed damages in the future.

## LEGAL ARGUMENT

### PLAINTIFF CANNOT ESTABLISH THE REQUIREMENTS TO SATISFY INJUNCTIVE RELIEF

Plaintiff has submitted to the court a motion for preliminary injunctive relief to freeze Sher Tremonte defendants' assets, and in the alternative order Sher Tremonte defendants from concealing, dissipating, converting, selling, etc… all business and personal assets up to the sum of $52,561,500.00.  Upon first glance, it is clear Plaintiff cannot obtain *any* injunctive relief. Moreover, Plaintiff cannot provide the court with a semblance of evidence to meet the high standards of injunctive relief.

To obtain a preliminary injunction, the Plaintiff must establish: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Lane v. New Jersey, 725 F. App'x 185, 187 (3d Cir. 2018) (quoting Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004)). The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary injunctive relief. *Id.* at 708 (3d Cir. 2004). Although the Court must generally weigh all four of these factors, "a movant cannot be granted a preliminary injunction unless it establishes both of the first two factors, i.e., likelihood of success on the merits and irreparable harm." Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350 (Fed.Cir.2001).  Moreover, it is well established that temporary or preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited

2

circumstances." <u>Kos Pharm</u>, 369 F.3d at 708 (3d Cir. 2004) (quoting <u>American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.</u>, 42 F.3d 1421, 1427 (3d Cir. 1994)).

Although Plaintiff avers that he has somehow met this standard by concocting conclusory allegations against defendants, it is clear that his efforts will fail. Plaintiff asserts that his request for injunctive relief should be granted due to the sheer fact that he is "easily able to establish each of the elements for substantive and conspiracy to money laundering charges." (See Amended Complaint pp. 7). However, this is absolutely not the case. As argued in Sher Tremonte Defendant's motion to dismiss, Plaintiff has failed to provide this court with enough evidence to even state a claim, let alone that he is likely to win this case at trial. (<u>See</u> Sher Tremonte Defendants Motion to Dismiss ECF filing 29).

## I.      Likelihood of Success on the Merits

First, Plaintiff must establish a likelihood of success on the merits, namely that he will likely succeed in this civil action for violation of conspiracy under the RICO statute, money laundering, and aiding and abetting the promotion of prostitution. In order to establish likelihood of success on the merits, Plaintiffs must show that Defendants' invalidity defenses lack substantial merit. <u>Altana Pharma AG v. Teva Pharm. USA, Inc</u>., 532 F. Supp. 2d 666, 673 (D.N.J. 2007), aff'd, 566 F.3d 999 (Fed. Cir. 2009) (citing <u>Abbott Labs. v. Andrx Pharmaceuticals, Inc</u>., 452 F.3d 1331, 1335 (Fed.Cir.2006). Put more simply, if defendants have raised a substantial question of invalidity of the allegations, plaintiff is not entitled to a preliminary injunction. *Id.*

Sher Tremonte Defendants have, in fact, raised several substantial claims of invalidity on behalf of Plaintiff's allegations. Sher Tremonte Defendants recently filed a motion to dismiss for failure to state a claim upon which relief may be granted. (<u>See</u> Motion to Dismiss ECF No. 29). Sher Tremonte Defendants provided the Court with substantial information regarding Plaintiff's

3

conclusory allegations, and his failure to meet a prime facie claim under RICO, money laundering, and aiding and abetting of the promotion of prostitution. (*Id.*) It is clear that Plaintiff will likely not be able to survive the motion to dismiss, let alone a likelihood of the success on the merits.

Sher Tremonte Defendants are still awaiting an opposition, however, their question of invalidity of the pleadings is enough for the court to determine that Plaintiff has failed to meet the first prong to establish a preliminary injunctive relief.

## II.     Plaintiff Cannot Establish Irreparable Harm

As stated above, the federal courts require that Plaintiff show an irreparable injury in establishing a claim for injunctive relief. In order to meet the requirements for such irreparable injury, a plaintiff must show a harm that cannot be redressed by any legal or equitable remedy, moreover the preliminary injunction must be the *only* way to protect a plaintiff from harm. Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989) (emphasis added). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." In Re Arthur Treacher's Franchisee Litigation, 689 F.2d 1137, 1143 (3d Cir.1982). Finally, "[e]stablishing a risk of irreparable harm is not enough. A plaintiff has the burden of proving a 'clear showing of immediate irreparable injury.'" Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989) (quoting ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).

In Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc., 506 U.S. 308 (1999), The Supreme Court found that a federal court lacks the power to issue an injunction that freezes assets in an action simply for damages when a plaintiff does not make a claim for equitable relief. (The Supreme Court held that prior to entry of money judgment, the district court lacked

4

power to issue a preliminary injunction preventing operator from transferring assets in which no lien or equitable interest was claimed). For purposes of seeking a preliminary injunction to freeze assets, demonstrating irreparable harm requires "a showing that plaintiff [is] likely to become entitled to the encumbered funds upon final judgment and a showing that without the preliminary injunction, plaintiff[sic] will probably be unable to recover those funds." Juul Labs, Inc. v. 4X PODS., 439 F. Supp. 3d 341, 358 (D.N.J. 2020), appeal dismissed sub nom. JUUL Labs Inc. v. 4x Pods, 20-1490, 2020 WL 5240430 (3d Cir. July 24, 2020).

Plaintiff requests that this Court freeze the assets of Defendants, in an attempt to recover monetary damages for his time in prison. Plaintiff has also presented the Court with a four-page exposé of the calculated damages drawn up against all defendants, including Sher Tremonte Defendants. (See Amended Complaint ECF 3 pp. 28-31). This drafted accounting sheet presented in the Amended Complaint, makes it clear that the damages Plaintiff seeks are only monetary, and not equitable. Where the Plaintiff requests a preliminary injunction to freeze assets, he must also prove equitable damages if he wishes the injunction to succeed. However, Plaintiff has failed to offer the court with the necessary equitable relief, and therefore, his claim to freeze Defendants assets will fail.

Moreover, Plaintiff has made no argument as to why the relief should be immediate, or why the relief would otherwise not be granted after the civil action commences. Plaintiff merely alludes that Sher Tremonte Defendants are "dishonest and unethical." (See Motion to Dismiss ECF 3 pp. 9). Which is obviously not enough to meet the standard for a preliminary injunction.

Plaintiff has also requested that the Court apply injunctive relief in his initial complaint, to have the Sher Tremonte Defendants discontinue their relationship with each other to end the so-called conspiracy against him. (See Amended Complaint ECF 3 p. 32).  This is the only form

of equitable relief that could *possibly* apply to Plaintiff's claim. However, as stated in Sher Tremonte Defendants' motion to dismiss, there is no evidence to support a single allegation made by Plaintiff in his Amended Complaint and, therefore, Plaintiff's motion for injunctive relief will only be supported by the request for monetary relief.

Plainly stated, Plaintiff has attempted to waste Court's resources in bringing this request, and he fails to understand the legal requirements produce a request for injunctive relief. He is unable to supplement this Court with a reason to allow him immediate preliminary relief. It is clear that Plaintiff simply only seeks monetary support in this action for lost wages while imprisoned. As stated above, freezing Sher Tremonte Defendants assets, in an attempt to monetarily benefit once out of prison, is an erroneous application of legal precedent in federal court and fails the test for irreparable harm. Therefore, this Court should deny Plaintiff's motion for injunctive relief to freeze Sher Tremonte Defendant's assets.

## <u>CONCLUSION</u>

For the foregoing reasons, Sher Tremonte Defendants request that this Court deny Plaintiff's motion for injunctive relief as he has not met the standard for such relief.

Respectfully submitted,

**KAUFMAN DOLOWICH & VOLUCK, LLP**
Attorney for Defendants*, Sher Tremonte, LLP*
*Justin M. Sher, Michael Tremonte, Noam Korati*
*Biale and Anna Maria Estevao*

By:      */s/Robert A. Berns*
              ROBERT A. BERNS

DATED: November 21, 2022