# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

November 29, 2022

| | |
|---|---|
| JOSE O. TORRES<br>*PLAINTIFF*<br><br>v.<br><br>SHER TREMONTE LLP, et al<br>*DEFENDANTS* | Honorable Madeline Cox Arleo<br><br>Case #: 22-CV-04662 (MCA)(CLW)<br><br>**MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST TOR EKELAND, TOR EKELAND PLLC, AND JESSICA COONROD, PURSUANT TO FED. R. CIV. P. 55** |

Plaintiff, Jose O. Torres, moves for an Entry of Default Judgment against the remaining Defendants in this case: Tor Ekeland, Tor Ekeland PLLC, and Jessica Coonrod (collectively known as the "Defendants").

On August 1, 2022, Plaintiff filed his 1st Amended Complaint with this Court. Refer to **Exhibit A** attached. On July 30, 2022, Plaintiff sent Waiver of Service Forms to all defendants, including Jessica Coonrod, Tor Ekeland and Tor Ekeland PLLC, via USPS certified return receipt. Refer to **Exhibit B** attached for each receipt the three article numbers are listed below:

Tor Ekeland – 7018 1130 0001 7832 4279
Tor Ekeland PLLC – 7018 1130 0001 7832 – 4286
Jessica Coonrod – 7018 1130 0001 7831 9909

Jessica Coonrod signed the USPS certified return receipt on August 8, 2022. Tor Ekeland and Tor Ekeland PLLC received the Waiver of Service Forms around the same date that Jessica Coonrod signed on August 8, 2022. This estimate of delivery is given as Tor Ekeland and Tor Ekeland PLLC because the USPS certified return receipts came back as delivered but without a date of delivery. Refer to **Exhibit B** attached.

On August 5, 2022, Plaintiff sent a letter to this Court requesting Honorable Arleo and Waldor for permission to deploy the United States Marshals or Deputy Marshals to serve the summons and complaint to all 12 defendants, including Tor Ekeland, Tor Ekeland PLLC and Jessica Coonrod.

On August 18, 2022, this Court granted Plaintiff's request. As part of this grant, the Marshals' Office were directed to serve Plaintiff's first amended complaint upon all defendants, including Tor Ekeland, Tor Ekeland PLLC and Jessica Coonrod. This order was signed by Judge Cathy L. Waldor on 8/18/2022. Thereafter, the Marshals served the Defendants. Refer to **Exhibit C** attached.

As required per Fed. R. Civ. P. 4, the Defendants had 30 days to answer Plaintiff's Complaint as they never waived service. There is no question that the Defendants have been properly served. They have been notified of their existing litigation between Plaintiff v. the United States Government, Plaintiff v. Argentino Fiore Law & Advocacy, LLP; and Plaintiff v. Sher Tremonte LLP, et al.

The Tor Ekeland PLLC Defendants have willfully failed to answer the 1st Amended Complaint and they have not appeared to defend in the cause of action. The Defendants have been notified of their existing litigation numerous times through multiple methods,

their failure to respond is willful, and there can be no meritorious defenses for their failure to respond. As no answer or other response was filed by the Defendants, the allegations asserted against Defendants in the Complaint shall be deemed admitted by the Defendants.

For similar reasons, in **Mason v. Parker**, 2004 U.S. Dist. Lexis 23467 (District of Delaware), Plaintiff's motion for entry of a default judgment against the remaining defendants having found that the defendant was properly served pursuant to Fed. R. Civ. P. 4 was granted. In **United States v. Arawak Program, Inc.**, 2016 U.S. Dist. Lexis 130428 (District of Virgin Islands), finding that defendant engaged in culpable conduct by, inter alia, failing to respond to complaint because such failure showed a willful disregard for Plaintiff's legal communications, the motion for entry of default judgment was granted. **Cohen v. Gabriel Enters, Inc.**, 2013 U.S. Dist. Lexis 39407 WL, at *5 (D.V.I. Mar. 21, 2013)(citing cases finding culpable conduct where defendants failed to answer complaint).

In **Dellecese v. Assigned Credit Solutions, Inc.**, 2017 U.S. Dist. Lexis 34502 (District of New Jersey) the court noted that Plaintiff would be prejudiced and unable to pursue his action in the absence of default judgment. See **Coach, Inc. v. Ocean Point Gifts**, No. 09-4215, 2010 U.S. Dist. Lexis 59003, 2010 WL 2521444 at *5 (D.N.J. June 14, 2010) (finding that defendants' failure to answer complaint prevented the plaintiff *"from prosecuting their case, engaging in discovery, and seeking relief, in the normal fashion."*). **Gowan v. Cont'l Airlines, Inc.**; No. 10-1858, 2012 U.S. Dist. Lexis 95135, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012 (noting that the inability to *"vindicate rights"* absent a default judgment constitutes prejudice). **Omar Wong v. Am. Credit & Collections, LLC,** 2012 U.S. Dist. 168446 (D.N.J.), 2012 WL 5986474 at *3 (explaining that a *"properly-served defendant who fails to appear should expect that a judgment may be entered against it."*). In **Pronesti v. Nat'l Credit Adjusters**, 2016 U.S. Dist. Lexis 53209 (D.N.J.), the Court stated, *"Lastly, because Defendant failed to participate in this litigation despite effective service…the Court can find no cause for Defendant's default other than culpable conduct."* And, enter default judgment against them.

In view of the foregoing reasons, entry of default judgment against Tor Ekeland, Tor Ekeland PLLC and Jessica Coonrod is requested and appropriate.

## RELIEF REQUESTED

Plaintiff requests the following relief and prays to this Court to:

1) Order motion for entry of default judgment be entered in favor of Plaintiff, Jose O. Torres and against Defendants, Tor Ekeland, Tor Ekeland PLLC, and Jessica Coonrod, or alternatively;

2) Order entry of default judgment in favor of Plaintiff and against the Defendants in the amount of $52,561,500 USD as they are jointly and severally liable, plus any applicable attorney fees and costs in an amount to determined, plus post judgment interest at the legal rate in effect to accrue thereon from the date of this judgment forward until paid;

3) Enter a restraining order and order Defendants Tor Ekeland, Tor Ekeland PLLC and Jessica Coonrod, to be permanently enjoined from committing or assisting in the commission of any further crimes and/or RICO violations, including Title 18 USCS 1962(a)-(d), Title 18 USCS 1956 (money laundering), aiding and abetting Title 18 USCS 2422(a) (Coercion and Enticement), and N.J.S.A. 2C:34-1 (Promotion of Prostitution), and;

4) Order that a copy of this Order shall be served on all parties hereto within seven days of its posting on ECF.

Respectfully Submitted,

Jose O. Torres